# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRICK HOUSTON, | Case No.: 2:20-cv-01453-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying IFP Status and Requiring Payment of the Full $400 Filing Fee by July 19, 2021** |
| OFFENDERS MANAGEMENT DIVISION, et al., | |
| Defendants | |

Plaintiff and Nevada state inmate Brick S Houston brings this lawsuit to redress civil-rights violations that he claims occurred during his incarceration in the Nevada Department of Corrections. Although he applies to proceed *in forma pauperis* (IFP), his history of filing frivolous and meritless actions in federal court precludes him from obtaining pauper status for this case. As 28 U.S.C. § 1915(g)—also known as the three-strikes provision of the IFP rule—provides, "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full filing fee in advance unless he is "under imminent danger of serious physical injury."[1] Whether an inmate is under such imminent danger is assessed from the allegations in the complaint.[2]

---

[1] 28 U.S.C. § 1915(g).

[2] *See Andrews v. Cervantes*, 493 F.3d 1047, 1052–55 (9th Cir. 2007) (holding that the availability of the imminent-danger exception to three strikes rule is to be assessed based on alleged conditions at the time the complaint is filed regardless of whether imminent danger exists at an earlier or later time).

1    Plaintiff has at least three strikes under 28 U.S.C. § 1915(g), as at least three of his

2  previous inmate lawsuits were dismissed as frivolous or for failure to state a claim upon which

3  relief may be granted.[3]  His allegations also fail to plausibly allege that he was in imminent

4  danger of serious physical injury at the time he filed his complaint.  As a result, he must pre-pay

5  the full $400 filing fee if he desires to proceed with this lawsuit.

6                                              **CONCLUSION**

7       IT IS THEREFORE ORDERED that the application for leave to proceed *in forma*

8  *pauperis* **[ECF No. 4] is DENIED**.  Plaintiff has until July 19, 2021, to pay the entire $400 fee.

9  **If he fails to pay the full $400 fee by July 19, 2021, this case will be dismissed** without

10  prejudice and without further prior notice.

11       Dated: June 18, 2021

12  _____
    U.S. District Judge

13

14

15

16

17

18

19

---

20  [3] *See Houston v. McGinnis, et al.*, 1:92-cv-280-RHB-JGS (W.D. Mich. 1992) (complaint
    dismissed as frivolous on May 11, 1992); *Houston v. Vidor, et al.*, 4:92-cv-35-BFG-HWB
21  (W.D. Mich. 1992) (complaint dismissed as frivolous on April 24, 1992); and *Houston v.
    Skulnick, et al.*, 3:07-cv-00459-BES-VPC (D. Nev. 2007) (complaint dismissed for failure
    to state a claim on October 23, 2007).  The Court takes judicial notice of its prior records
22  in these matters and notes that, under *Tierney v. Kupers*, 128 F.3d 1310 (9th Cir. 1997), actions
    dismissed for frivolity, maliciousness, or for failure to state a claim prior to the effective date of
23  the Prison Litigation Reform Act of 1996 are included in the 28 U.S.C. § 1915(g) calculation for
    three strikes.  *Id.* at 1311.